```
                    UNITED STATES DISTRICT COURT
                    SOUTHERN DISTRICT OF FLORIDA

                  CASE NO. 07-60889-CIV-ZLOCH
```

INEZ K. MCKENNA,

    Plaintiff,

vs.                                    **O R D E R**

NATIONAL ACTION FINANCIAL
SERVICES, INC.,

    Defendant.
_____/

    THIS MATTER is before the Court upon Defendant National Action Financial Services, Inc.'s Motion To Dismiss (DE 22). The Court has carefully reviewed said Motion and the entire court file and is otherwise fully advised in the premises.

    The instant Motion alleges that dismissal of the above-styled cause is required because Plaintiff failed to accept Defendant's Rule 68 Offer Of Judgment. Defendant's Offer Of Judgment purports to be a full and complete settlement of Plaintiff's damages, plus reasonable attorney's fees and costs incurred in the above-styled cause. Defendant offered Plaintiff $2,001.00 in damages, which the Court notes would fully satisfy the maximum statutory damages Plaintiff could seek in this action. However, Defendant limited its Offer to reasonable attorney's fees and costs "as of the date of this offer." DE 22, Ex. B, ¶ 2. Further, Defendant's Offer purported to settle any and all claims of Plaintiff against National Action Financial Services, Inc. and "any of its agents, principals or employees." Id. ¶ 3. Finally, Defendant conditioned the Offer on Plaintiff's release of "all claims Plaintiff has or could have brought against Defendant or any of its parents, subsidiaries, affiliates, officers, employees, agents, and assigns, which arise from the transaction and form the base of Plaintiff's

claims." Id. ¶ 4.

Although Defendant's Offer Of Judgment purported to be a full and complete satisfaction of Plaintiff's claims, its sweeping scope fails to adequately compensate Plaintiff. For example, Defendant has attempted to prevent Plaintiff's Counsel from recovering fees he may reasonably incur after the date of the Offer. Rather than leave the issue of fees in the sound discretion of the Court, Defendant's Offer, if accepted, would prevent Plaintiff's Counsel from recovering fees incurred in filing a Motion For Attorney's Fees. Although the time required to prepare such a motion is minimal, the Court must take this expense into consideration to determine whether the Offer fully satisfied Plaintiff's claims and costs. See Ins. Co. of N. Am., LLC v. Man Engines & Components, Inc., 05-60699-CIV-ZLOCH (Oct. 31, 2007) (reducing award of attorney's fees incurred in the preparation of a motion for attorney's fees from 6.9 hours to 1.0 hours). Accordingly, Defendant's Offer Of Judgment (DE 22, Ex. B) does not satisfy Plaintiff's entire claim.

Accordingly, after due consideration, it is

**ORDERED AND ADJUDGED** that Defendant National Action Financial Services, Inc.'s Motion To Dismiss (DE 22) be and the same is hereby **DENIED**.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida this      10th      day of June, 2008.

WILLIAM J. ZLOCH
United States District Judge

Copies furnished:
All Counsel of Record